FILED
2022 Nov-07  PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ANDREW R. PERRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  5:22-cv-00631-HNJ |
| | ) | |
| RHED KEY PROPERTIES LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 16, 2022, Plaintiff Andrew Perrong filed a complaint against Defendants Rhed Key Properties, LLC, Dodie Hagler, and Nkemdirim Oti.  (Doc. 1).  Count I claims Defendants called Plaintiff using as an automated telephone dialing system in violation of the Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 227.  Count II claims Defendants violated the Pennsylvania Telemarketer Registration Act ("PTRA"), 73 Pa. Stat. Ann. § 2241, by placing telemarketing calls to Plaintiff without registering as telemarketers and failing to identify themselves during the conversations.  Count III claims the afore-mentioned alleged transgressions against the PTRA also violated the Alabama Telemarketing Act ("ATA"), Ala. Code 1975 § 8-19A-1.  Finally, Count IV claims Defendants violated the TCPA by placing telemarketing calls to Plaintiff, "whose number is on the Do-Not-Call registry"; failed to have a

written Do-Not-Call policy; and failed to maintain Plaintiff on their Do-Not-Call list. (Doc. 1 at ¶ 85).

On July 18, 2022, Defendant Hagler filed a motion to dismiss, or in the alternative, for a more definite statement. (Doc. 4). The court **DENIES** Hagler's request for a more definite statement because the Complaint is not so vague or incomprehensible such that Hagler cannot answer the allegations. As for the Rule 12(b)(6) dismissal request, the court hereby **NOTIFIES** the parties that it converts the entreaty to a Federal Rule of Civil Procedure 56 motion and **ORDERS** the parties to submit any additional evidence they deem pertinent to Hagler's motion within ten (10) days from the entry date of this order, after which time the court will take the motion under submission.

## DISCUSSION

## I.   HAGLER FAILS TO DEMONSTRATE THE NEED FOR A MORE DEFINITE STATEMENT

Defendant Dodie Hagler moves the court to require a more definite statement of Plaintiff Andrew Perrong's claims against her pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 4). According to Rule 12(e), a defendant may file a motion seeking "a more definite statement" of a complaint "which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The defendant bears the burden of demonstrating a complaint portrays a lack of clarity reasonably foreclosing the ability to prepare a responsive pleading, which represents a

"very high standard." *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, No. 2:18-CV-1290-KOB, 2020 U.S. Dist. LEXIS 79679, at *9 (N.D. Ala. May 6, 2020) (citation omitted); *see FNB Bank v. Park Nat'l Corp.*, No. 13–0064–WS–C, 2013 WL 1748796, at *6 (S.D. Ala. Apr. 23, 2013) (finding the defendant failed to demonstrate the need for a more definite statement pursuant to Rule 12(e)); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1378 (3d ed. April 2022 Update) ("Most federal courts cast the burden of establishing the need for a more definite statement on the movant." (footnote omitted)).

Further, given the "liberal pleading standard[s]" set forth in Federal Rule of Civil Procedure 8, *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1261 (11th Cir. 2015), and "the plethora of available pretrial discovery procedures," *Blumenthal v. Smith*, No. 6:17-cv-975-Orl-40TBS, 2018 U.S. Dist. LEXIS 221164, at *9 (M.D. Fla. Feb. 26, 2018), the law generally disfavors motions for a more definite statement, and thus, courts grant them sparingly.  *See Fathom Exploration, LLC v. The Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005) ("Motions for more definite statement are viewed with disfavor and are rarely granted."); 5C Wright & Miller, *supra*, § 1376 ("[T]he availability of a motion for a more definite statement is quite restricted. . . . [T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small.").

The Rule 12(e) standard "strike[s] at unintelligibility rather than [a complaint's] lack of detail." 2 Moore's Federal Practice § 12.36[1] (2022).  Thus, the court must deny

a Rule 12(e) motion "if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000). "Nevertheless, when a plaintiff fails to identify key facts, unduly increasing the burden of understanding the factual allegations, district courts may grant a 12(e) motion for a more definite statement." *Tolbert v. High Noon Prods., LLC*, No. 4:18-CV-00680-KOB, 2019 U.S. Dist. LEXIS 2937, at *7 (N.D. Ala. Jan. 8, 2019). "[T]o withstand a motion under Rule 12(e) a pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." 5C Wright & Miller, *supra*, § 1376.

> In his Complaint, Perrong alleges that
>
> Rhed Key Properties, LLC and its principal and agent, Dodie Hagler and Nkemdirim Oti, commissioned a series of automated illegal telemarketing "robocalls" to originate new customers by sending calls to telephone numbers listed on the national Do Not Call Registry and for which the called party is charged for the calls, like [his] number, which is prohibited by the [Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 227]. The calls were made either directly by Hagler, Oti, or their agents for their real estate company, Rhed Key Properties, LLC, and at the supervision, direction, and control of Hagler and Oti.

(Doc. 1 at ¶ 2).

The court does not find Perrong's Complaint "so vague or ambiguous that [Hagler] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The court can readily discern that Hagler either personally participated in or authorized the alleged

conduct at issue through her "supervision, direction, and control" of Rhed Key Properties and its agents.  (Doc. 1 at ¶ 2).  Such allegations "make out one or more potentially viable legal theories on which [Perrong] might proceed."  5C Wright & Miller, *supra*, § 1376.

The Eleventh Circuit has not yet addressed whether a corporate officer, while acting on behalf of his or her corporation, may be personally liable under the TCPA. *See Salcedo v. Hanna*, 936 F.3d 11621 1165 n.1 (11th Cir. 2019) (taking no view as to whether a corporate officer maintains personal liability under the TCPA).  District courts in the Eleventh Circuit, however, have held that corporate officers may be personally liable for violations under the TCPA.  *E.g.*, *Williams v. Schanck*, No. 5:15-CV-01434-MHH, 2021 WL 2555290, at *4 (N.D. Ala. June 22, 2021) ("Because the evidence shows that Mr. Schanck personally oversaw and approved of conduct that violated the TCPA, Mr. Schanck is personally liable for Stellar's TCPA violations."); *Shelton v. CSG Sols. Consulting LLC*, No. 6:18-CV-1335-ORL-41-KRS, 2019 WL 11504659, at *1 (M.D. Fla. Feb. 5, 2019) ("[C]orporate officers may be held personally liable under the TCPA . . . . (citation omitted)); *Physicians Healthsource, Inc. v. Dr. Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 WL 3644598, at *3 (S.D. Fla. June 10, 2015) ("A corporate officer 'may be personally liable under the TCPA . . . .'" (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex.2001))); *Neurocare Inst. of Cent. Fla., P.A. v. US Cap. Access, Inc.*, No. 613CV1233ORL31DAB, 2014 WL 12873038, at *4 (M.D. Fla. May 14, 2014), *report and recommendation adopted*, No. 613CV1233ORL31DAB, 2014 WL

12873040 (M.D. Fla. May 30, 2014) ("Court[s] have held that an individual corporate officer, if acting on behalf of the corporation, may be held personally liable for purposes of the TCPA." (citations omitted)); *Appelbaum v. Rickenbacker Grp., Inc.*, No. 12-CV-80251, 2013 WL 12121104, at *3 (S.D. Fla. July 31, 2013) ("The Court agrees with the prevailing view that personal liability may extend to corporate officers under the TCPA."); *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at *4 (S.D. Fla. Mar. 27, 2013) ("[T]he Court agrees that officers may be held personally liable . . . ."); *Lary v. Drs. Answer, LLC*, No. CV-12-S-3510-NE, 2013 WL 987879, at *8 (N.D. Ala. Mar. 8, 2013) (reconciling the principle that a corporate officer may be personally liable under the TCPA with Eleventh Circuit precedent).

District courts within this Circuit largely cite to *Texas v. American Blastfax*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001), or its progeny, for the principle that a corporate officer "may be personally liable under the TCPA if he [or she] had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." Here, Perrong claims exactly that. Perrong alleges that the calls at issue "were made . . . at the supervision, direction, and control of Hagler . . .," and that Hagler may have made some of the calls herself. (Doc. 1 at ¶ 2). Such allegations "fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000).

6

In fact, Hagler prepared a motion to dismiss defending herself from such claims. (*See* doc. 4).  In her motion to dismiss, Hagler argues that she "was not personally involved in any communications with Perrong" and calls the "allegations contained in the Complaint that Hagler is responsible as a 'principal' for any actions of others against Perrong in violation of the TCPA and/or the state statutes" conclusory.  (*Id.* at 4). Thus, the court finds Hagler failed to demonstrate the need for a more definite statement pursuant to Rule 12(e).

## II.   CONVERSION OF THE RULE 12(b)(6) MOTION TO A SUMMARY JUDGMENT MOTION

As recounted, in her entreaty for a Federal Rule of Civil Procedure 12(b)(6) dismissal Hagler argues the Complaint does not plausibly aver her role involved participating in the communications to Perrong, and thus, Perrong fails to plausibly allege Hagler's personal liability under the TCPA and state statutes.  (Doc. 4 at 3; Doc. 15 at 3-5).  However, the preceding discussion adjudicating the Rule 12(e) contentions portrays the existence of plausible allegations Hagler participated in the alleged robocall practices to a degree violative of the TCPA.

The decision in *Mais*, 2013 WL 1283885, does not command a holding to the contrary.  The decision chronicles that the contested complaint therein only alleged the individual defendant served as a "vice president and 20% owner" of a corporate entity, "controlled the policies and practices of [the entity] regarding the TCPA and . . . authorized those policies and practices" challenged by the complaint.  *Id.* at *3 (citation

and internal alterations omitted).  Yet, the complaint failed to plead any cause of action against the individual defendant.  *Id.*  The confluence of those averments and omissions in the complaint formed the basis for dismissal of claims against the individual defendant, notably at the summary judgment stage.  *Id.*

As an alternative basis for a Rule 12(b)(6) dismissal, Hagler asserts she merely serves as a registered agent for Rhed Key, and she ended her prior role with Rhed Key before Perrong received the robocalls.  (Doc. 4 at 4 & n.1).  By itself, evidence Hagler served as Rhed Key's registered agent does not preclude her from acting in a managerial capacity for the entity.  To depict such a proposition, Perrong filed a sur-response, with a supporting exhibit, indicating Hagler's service as a manager and member of Rhed Key upon its conversion from a Nevada LLC to an Alabama LLC.  (Doc. 18 at 3-5).  In turn, Hagler filed a sur-reply indicating she ceased service as a manager and member of Rhed Key in April 2019 based upon a transfer/assignment of membership interests in the entity.  (Doc. 21 at 5).

The exhibits the parties submitted with their sur-pleadings bear relevance to the issues raised in the motion to dismiss.  However, those documents do not bear centrality to the Complaint as Perrong does not reference them therein, and thus, the court may not consider them to adjudicate the Rule 12(b)(6) contentions.  *See Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020) ("[D]ocuments attached to a motion to dismiss may be considered by the district court without converting the motion into one for summary judgment if they are central to the plaintiff's claim and their authenticity

is not challenged." (citation omitted)); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (on adjudicating a motion to dismiss, a court may consider the complaint, documents attached thereto, and a document attached to a dismissal motion so long as a plaintiff "refers to [the] document in its complaint, the document is central to its claim, [and] its contents are not in dispute").

As alluded, however, the court may review the parties' attached exhibits and adjudicate Hagler's motion. Federal Rule of Civil Procedure 12(d) provides that if a court proceeds to consider matters outside the pleadings on a Rule 12(b)(6) motion, the court must treat the motion as a motion for summary judgment pursuant to Rule 56. Upon conversion to a Rule 56 summary judgment motion, the court "must notify the parties and give them ten days to submit 'any relevant evidence and arguments in support of or opposition to the merits.'" *Est. of Malkin v. Wells Fargo Bank, NA*, 998 F.3d 1186, 1201 (11th Cir. 2021), *certified question answered sub nom. Wells Fargo Bank, N.A. v. Est. of Malkin*, 278 A.3d 53 (Del. 2022) ("The District Court may consider matters outside the pleadings in a Rule 12(b)(6) motion only by converting it into a Rule 56 summary judgment motion. . . . But if the District Court converts the motion, it is required to notify the parties and give them 10 days in which to supplement the record." (citation omitted)); *see also* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Therefore, the court notifies the parties it will consider the documents tendered with their filings vis-à-vis the dismissal motion and treat Hagler's motion to dismiss as

a motion for summary judgment.  However, the parties should heed the strictures of Rule 56, in particular the admonition that a party must tender material that would be admissible as evidence at trial.  *See* Fed. R. Civ. P. 56(b)(2) & (4).  Hence, the parties should properly authenticate any materials they tender to support or dispute a fact.  In addition, either party may request the court take judicial notice of pertinent facts pursuant to Federal Rule of Evidence 201, including, of course any publicly-available filings with the Alabama Secretary of State.  And of course, as regards the central issue in dispute, Hagler may submit an affidavit or declaration sworn under the penalty of perjury that she did not exercise a role with Rhed Key in the capacity averred by Perrong in his Complaint.  The court will give such a filing all due consideration.

Accordingly, the court **ORDERS** the parties to submit any additional evidence they deem pertinent to Hagler's motion within ten (10) days from the entry date of this order, after which time the court will take the motion under submission.

**DONE** and **ORDERED** this 7th day of November, 2022.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE